IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARLA GROTHOFF,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　 )　　　　No. 04-4290-CV-C-WAK
　　　　　　　　　　　　　　　　　　)
JEREMIAH W. NIXON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

## ORDER

      In October 2004, plaintiff Marla Grothoff filed suit alleging discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. She worked as an attorney in the Department of Social Services, Division of Child Support Enforcement (DCSE), and lost her job when a number of attorney positions were transferred to the Office of the Attorney General of Missouri (AGO). Grothoff, who is a quadriplegic with limited use of her hands, claims she was not hired by the AGO as part of the transfer because of her disability.

      Defendant Nixon, Attorney General of the State of Missouri, filed a motion for summary judgment on the basis there are no genuine issues of material fact for trial. He sets forth three grounds for judgment: (1) plaintiff cannot establish a prima facie case that she was not hired because of her physical condition, (2) defendant had legitimate, nondiscriminatory reasons for not offering employment to plaintiff, and (3) plaintiff cannot show those reasons are a pretext for discrimination.

      Plaintiff responded in opposition to the motion and defendant replied. Accordingly, the motion is fully submitted.

### Summary Judgment Standard

      Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett,

477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

Plaintiff Marla Grothoff graduated from law school in 1988 and was admitted to practice law in Missouri in 1989. Immediately after graduation, she was employed as an attorney for the Missouri Department of Social Services, Division of Legal Services. During the next ten years, her duties changed several times and she received promotions. In 1998, she transferred from the Division of Legal Services to the Division of Child Support Enforcement (DCSE). Sometime in 2001, Mike Shortridge became her supervisor. She did not share the same rapport with him as she had with her previous supervisor, and her duties appear to have lessened somewhat.

In 2003, as a result of budget bills and some legislative changes, an agreement was reached between the AGO and the Department of Social Services transferring twenty attorney and seven staff positions from DCSE[1] to the AGO. Defendant describes the duties of the

---

[1] Apparently, all attorney positions, except for that of Michael Shortridge, were transferred.

2

transferred positions to be mainly civil litigation involving child support matters, and noted that new legislation prohibited an administrative agency from amending or modifying judgments or decrees entered by the courts. Thus, child support orders could no longer be administratively modified, and support enforcement attorneys would spend more time addressing modifications in the circuit courts.

The individuals working for DCSE whose positions were being transferred were given the opportunity to apply for and interview with the AGO for the newly transferred positions. Grothoff's position was transferred, although the responsibility for writing state regulations, to address policy matters and for representation at the administrative level was not transferred. Grothoff wanted to continue employment, and she interviewed with the AGO for one of the transferred positions within the new division at the AGO.

In a pre-interview memorandum written in March 2003, plaintiff described her duties as unique from other attorneys at DCSE. She stated she handled some day-to-day litigation, updated and wrote state regulations, worked to ensure DCSE compliance with federal mandates, represented DCSE before the Administrative Hearings Unit, worked on policy issues, served as a member of the Prosecuting Attorneys' Advisory Board, and otherwise handled legal issues that arose and were assigned to her.

The majority of DCSE attorneys whose positions were transferred were hired by the AGO. Plaintiff states in her complaint that for those attorneys, the transfer of their work from DCSE to the AGO was "virtually seamless." (Doc. 1 at ¶ 16.)

Plaintiff, however, was not hired by the AGO and her employment with the State of Missouri ended. Defendant states plaintiff was not offered employment for a number of reasons, including the results of her interview, the ranking of employees by Shortridge, her most recent work duties and experience, and because the AGO did not believe she met the requirements for the position as it was being defined by the AGO[2]

---

[2]Defendant implies that plaintiff's competency and/or desirability as an employee was also called into question because DCSE did not keep her as an employee even though it kept most of the duties she had been doing. It is not clear whether the evidence supports this implication inasmuch as all attorney positions except for that of Shortridge were transferred in response to a budget bill. The parties have not submitted any information about who decided

3

Plaintiff challenges those reasons and asserts she was not hired because of her status as a quadriplegic.  Further, she states that although the State of Missouri had made reasonable accommodations for her for more than fifteen years, the AGO refused to do so, in violation of the ADA and section 504.  She requests reinstatement, compensatory damages, punitive damages, and attorney fees.

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability . . .in regard to job application procedures, the hiring, advancement or discharge of employees . . . ."  42 U.S.C. § 12112(a).  A "qualified individual with a disability" is someone "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position."  42 U.S.C. § 12111(8).  Consideration is given to the employer's judgment as to what functions of a job are essential.  Id.

Plaintiff's claims may survive a motion for summary judgment in two ways.  First, her claims will survive if she has strong, direct evidence showing a causal connection between the alleged discriminatory animus and the challenged decision, and if that evidence would permit a reasonable fact finder to conclude her disability actually motivated the decision not to hire her.  See Griffith v. City of Des Moines, 387 F.3d 733,736 (8th Cir. 2004).

Plaintiff asserts she has strong, direct evidence because two members of the interviewing panel commented on the use of wheelchairs.  According to plaintiff, as she was leaving the room at the conclusion of her interview, one member stated the offices weren't really set up very well for wheelchairs and another member stated it must be hard to get around in a wheelchair.  This evidence, however, is not sufficient on its own to withstand defendant's motion.  The person who made the ultimate hiring decision did not make either of the comments and claims he did not hear either comment.  Thus, a reasonable fact finder could not conclude, based solely upon those comments, that plaintiff's disability was a reason she was not hired.

The second way plaintiff's claims may survive defendant's motion for summary judgment requires her to create the required inference of unlawful discrimination through use of the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792,

---

what positions or how many positions would be transferred, or submitted any information about who assumed plaintiff's responsibilities that were not transferred.

4

802-04 (1973). See Griffith v. City of Des Moines, 387 F.3d at 736. To do so, plaintiff must initially set forth a prima facie case of discrimination. Once she does so, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for its actions." Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1072 (8th Cir. 1998). Plaintiff must then provide some proof that the articulated reason was false or a pretext, and that discrimination was the real reason. Id.

To establish a prima facie case of discrimination under the ADA[3], plaintiff must show (1) she is disabled within the meaning of the Act, (2) she is qualified to perform the essential functions of her job, with or without reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. Id.

Defendant asserts plaintiff cannot set forth a prima facie case because she cannot show she was qualified to perform the essential functions of the job for which she interviewed. Plaintiff responds that she had previously and satisfactorily performed the essential functions identified by defendant and that defendant failed to look at her entire work history, instead of her most recent responsibilities.

A review of the submitted evidence at least creates a genuine issue of material fact on this issue. Plaintiff was a licensed attorney who had previously done some litigation. She had significant knowledge of the legal issues involved in child support enforcement cases and had experience as a hearing officer addressing child support issues. Her work history indicates an ability to handle a large quantity of cases at the administrative level and there is no evidence this ability would not carry forward to civil litigation. During part of her career, she trained and participated in hiring other attorneys. Thus, for purposes of defendant's motion, there is at least a dispute of fact about whether plaintiff was qualified for the position, and for purposes of summary judgment, the court must assume that she has set forth a prima facie case.

The burden shifts at this stage, and defendant must articulate a legitimate, nondiscriminatory reason for not hiring Grothoff. Defendant asserts plaintiff's job skills,

---

[3]"Whether a violation of the Rehabilitation Act has occurred is determined by using the same standards as are applied for an Americans with Disabilities Act (ADA) claim, 42 U.S.C. §§ 12111-12117, 12201-12204, and 12210. See 29 U.S.C. §§ 791(g), 794(d)." Meester v. Runyon, 149 F.3d 855, 858 (8th Cir. 1998).

5

experience, interests and responsibilities with DCSE did not coincide with the litigation responsibilities being transferred to the AGO.  Further, defendant states plaintiff's employment with DCSE was terminated even though most of her duties remained with DCSE rather than being transferred to the AGO.  Defendant claims plaintiff's last supervisor criticized her competency as an attorney, she was ranked lower on his list than the other attorneys, and his records showed she was carrying a significantly lower caseload than the other attorneys.  Following her interview, she was ranked by the four individual interviewers and received an average score lower than most of the other interviewees.  After considering this information in conjunction with plaintiff's responses at her interview, AGO Recruiting Chair Paul Maguffee expressed concern that she would not transition well from her policy writing and administrative experience to a litigation-based position.  Accordingly, he did not recommend she be offered a position.

In response to defendant's articulated reasons, plaintiff has come forward with an affidavit and other evidence in an effort to prove defendant's reasons are false and are a pretext for disability discrimination.  She sets forth her work history with the state, including a series of promotions and awards.  She identifies job duties which included litigation, and talks about her large caseload in previous years.  She indicates she was assigned special litigation and complex cases by the supervisor who immediately preceded Shortridge, and that records on her caseload were kept in a database separate from that utilized by Shortridge and the AGO.  She explained her conflicts with Shortridge, noted Shortridge had decreased her responsibilities and workload, and indicated that Shortridge had never expressed any concern to her about the quality of her work.

In response to her rankings and the opinions formed during her interview, she explains that her pre-interview application letter responded to the request for information regarding her work during the previous year, which had included less litigation than in previous years.  She stated she responded to the questions in her interview, which were geared more toward her policy and administrative work than toward her interest and experience in litigation.  Thus, she implies a reasonable inference could be drawn that her interview was not directed toward questions which put her on par with other attorneys being interviewed for the AGO positions or toward employment as a litigator.  She also suggests that the scores, rankings and

6

recommendations about who to hire were used in some cases but not in others, and thus, that criteria is invalid. Additionally, plaintiff asserts that some consideration was given to her disability in light of the statements made by two of the interviewers.

The court is mindful that it may not sit as a personnel department judging the wisdom or fairness of the decisions made by employers, except to the extent those decisions involve intentional discrimination. Kincaid v. City of Omaha, 378 F.3d 799, 805 (8th Cir. 2004).

Here, however, plaintiff has raised minimally sufficient genuine issues of material fact for trial to preclude summary judgment. While plaintiff's job duties were different from other attorneys whose positions were transferred and who were hired by the AGO, her position was transferred and she had done enough litigation and child support work to suggest she was qualified for the position she sought. She has also come forward with sufficient evidence to create a genuine issue of material fact regarding the truth or falsity of defendant's stated reasons for not hiring her.

Therefore, it is

ORDERED that defendant's motion of November 14, 2005, for summary judgment is denied [24].

Dated this 27th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge