IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARLA GROTHOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4290-CV-C-WAK |
| | ) | |
| JEREMIAH W. NIXON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

  Plaintiff Marla Grothoff, a former attorney with the Division of Child Support Enforcement, claims she was subjected to discrimination on the basis of her disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et. seq., and section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794. The basic facts of the case are set forth in the court's order of July 27, 2007, addressing a previous motion for summary judgment. See Doc. 44. The current issue is whether sovereign immunity bars plaintiff's claims for damages under the ADA.

  Defendant, in his official capacity, claims he is entitled to judgment as a matter of law on plaintiff's ADA damage claim because Congress did not validly abrogate the state's sovereign immunity from suits by private individuals for money damages under Title I of the ADA, and the State of Missouri has not waived its sovereign immunity from such claims.

  Plaintiff concedes that defendant is entitled to dismissal of her damage claim under Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001), if the state has not waived its immunity. Plaintiff asserts, however, that "when Defendant made the litigation decision to remove the case to this federal court, instead of seeking a dismissal in state court, it waived its *Eleventh Amendment sovereign immunity*." (Doc. 77 at 24.) Plaintiff relies on Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002), for the proposition that a state waives its sovereign immunity by removing a claim based on federal law to a federal court. (Doc. 77 at 28.)

Plaintiff misreads Lapides.  First, the Court specifically stated that it was limiting its holding "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings."  Lapides, 535 U.S. at 617.  That clearly means the holding is limited to cases where sovereign immunity has been waived.  The Court went on to say that it did not need to "address the scope of waiver by removal in a situation where the State's underlying **sovereign immunity** [emphasis added] from suit has not been waived or abrogated in state court."  Id. at 618.  Thus, the Court did not hold that removal of a federal claim from state court to federal court constituted a waiver of the underlying sovereign immunity.  It was simply not an issue in the case.

Plaintiff asserts that when this court held, during a pretrial conference, that defendant had waived Eleventh Amendment immunity by removing the case to federal court, it also held that defendant had waived sovereign immunity because they are one and the same.  This court is not so persuaded.  As late as 2006, the Court quoted Alden v. Maine, 527 U.S. 706, 713 (1999), and again observed that "'Eleventh Amendment immunity' . . . is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."  Northern Insurance Co. of New York v. Chatham County, Georgia, 547 U.S. 189 (2006).  The Court continued to recognize preratification sovereignty as the source of state immunity from suits authorized by federal law.  Id.

The cases holding that removal waives Eleventh Amendment immunity deal with the forum in which the case is to be heard, and the unfairness that would ensue if a case that could be heard in state court was subsequently dismissed in federal court because of the Eleventh Amendment.  The cases do not address sovereign immunity or hold that a state defendant, by removing the case to federal court, loses a defense (other than the forum) that would be valid in the state court.  For example, in Lapides, the Court concluded that removal waived an "otherwise valid objection to litigation of a matter (here of state law) in a **federal forum**" [emphasis added] for "Eleventh Amendment purposes."  Lapides, 535 U.S. at 624.  See also Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985) (drawing distinction between constitutional immunity and sovereign immunity).

2

Additionally, plaintiff states that pursuant to statute, the state agreed to be sued in "state court for violation of certain state laws protecting the employment rights of the disabled." (Doc. 77 at 31.) Plaintiff points out that claims under the Missouri Human Rights Act are analyzed in the same manner as claims under the federal ADA. The Missouri Human Rights Act, however, is not identical to the ADA and it does not authorize actions in federal court. See Collier v. State of Missouri, Dep't of Economic Development, 965 F. Supp. 1270, 1274 (W.D. Mo. 1997); Atascadero State Hospital v. Scanlon, 473 U.S. at 241 (drawing distinction between constitutional immunity and sovereign immunity, and holding that for a state statute to waive Eleventh Amendment immunity, the statute must specify the state's intention to subject itself to suit in federal court). Thus, the court does not find the State, by virtue of the MHRA, has waived its sovereign immunity (or Eleventh Amendment immunity)[1] for damage claims brought for violations of the ADA. Furthermore, plaintiff has not pled a violation of the MHRA

For these reasons, it is

ORDERED that defendant's motion of May 25, 2007, for summary judgment on plaintiff's ADA damages claim is granted. [74]

Dated this 10th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge

---

[1] Eleventh Amendment immunity was waived by removal, not by the state MHRA statute.